[L.A. No. 29732. In Bank. Feb. 4, 1971.]

GREAT WESTERN FINANCIAL CORPORATION,
Plaintiff and Respondent, v.
FRANCHISE TAX BOARD, Defendant and Appellant.

## COUNSEL

Thomas C. Lynch, Evelle J. Younger, Attorneys General, Ernest P. Goodman, Assistant Attorney General, and Neal J. Gobar, Deputy Attorney General, for Defendant and Appellant.

O'Melveny & Myers, Clyde E. Tritt, Bennett W. Priest, Richard B. Ragland and George L. Damoose for Plaintiff and Respondent.

## OPINION

**MOSK, J.**—The plaintiff corporation received dividends from other corporations each of which had previously paid a tax on the income from which the dividends were declared. In the process of determining its taxable income the plaintiff deducted the dividends so received. ■ In calculating its tax due the State of California, plaintiff also attempted to deduct expenses attributable to receiving the dividends which had been omitted from its income.

The plaintiff corporation maintains that to prohibit deducting the expenses results in double taxation. We have concluded that the Franchise Tax Board properly refused to permit credit for such expenses; this results not in double taxation, but prevents a double deduction.

The matter was tried upon stipulated facts which may be summarized as follows: Plaintiff, a Delaware corporation authorized to transact business in California and with executive offices located in this state, owns stock in several other California corporations. ■ During the income years in question a substantial portion of plaintiff's gross income consisted of dividends received from such corporations. Pursuant to section 24402 of the Revenue and Taxation Code plaintiff properly deducted those dividends from its gross income in computing its taxable net income.[1] During the same years plaintiff also deducted certain interest expense and general and administrative expenses some of which it had incurred incident to receiving the dividends.

Defendant Franchise Tax Board maintained that a portion of such expenses were allocable to the dividends deducted under section 24402, and disallowed that portion as deductions under its interpretation of section 24425.[2] Plaintiff paid the additional tax assessed by reason of the

---

[1] All references herein are to the Revenue and Taxation Code of the State of California, unless otherwise indicated. Section 24402 describes as one of the permitted deductions: "Dividends received during the income year declared from income which has been included in the measure of the taxes imposed under Chapter 2 [Bank and Corporation Franchise Tax] or Chapter 3 [Corporation Income Tax] of this part [Bank and Corporation Tax Law] upon the taxpayer declaring the dividends."

(See § 24401: "In addition to the deductions provided in Article 1, there shall be allowed as deductions in computing taxable income the items specified in this article," which includes § 24402.)

[2] Section 24425 describes as a nondeductible item: "Any amount otherwise allowable as a deduction which is allocable to one or more classes of income not included in the measure of the tax imposed by this part, regardless of whether such income was received or accrued during the income year."

(See § 24421: "In computing 'net income' of taxpayers under [Bank and Corporation Tax Law], no deduction shall be allowed for the items specified in this article," which includes § 24425.)

disallowance, exhausted its administrative remedies, and then instituted the present action seeking a refund.

The trial court ruled that plaintiff was entitled to deduct all interest expense, all amortization of debenture expense, and all ordinary and business expenses allocable to the production of the dividends made deductible by section 24402; that such expenses are not made nondeductible by section 24425, as the expenses were allocable "to a class of income which has been included in the measure of the tax imposed by" the Bank and Corporation Tax Law; that the effect of disallowance by the Franchise Tax Board of the disputed expenses is to subject the income from which the dividends received by plaintiff were declared to a double tax burden at the corporate level, in violation of the purpose for which section 24402 was enacted, and to vitiate the operation of that section.

■ The error of the trial court results from deeming taxation "at the corporate level" to relate to all successive corporations receiving the same revenue, presumably no matter how they may proliferate, and without regard to whether they include that revenue in their taxable income. However, where there is more than one corporation, even though one is a dividend-declaring corporation and the other a dividend-receiving corporation, they are entirely separate entities for the purposes of the California franchise tax. Neither Revenue and Taxation Code section 24402 or section 24425 purport in any way to affect the entirely distinct and self-sufficient nature of the corporations. ■ It is a fundamental premise of tax law that each taxpayer is accountable and taxable only upon its own income and may deduct only its own expenses allocable to the earnings of such income. Thus the dividend-declaring corporation's income and the dividend-receiving corporation's expenses retain entirely unrelated characteristics. The trial court failed to observe the separate identities in holding the disallowance of expenses resulted in a double tax burden at the corporate level. In actuality there was only one tax burden and its imposition was on the dividend-declaring corporation, not on the dividend-receiving corporation which is here seeking to deduct its expenses.

Section 24425 deals with deduction of expenses. ■ Deductions may be allowed or withheld by the Legislature as it sees fit (*Southern Service Co., Ltd.* v. *Los Angeles* (1940) 15 Cal.2d 1, 11 [97 P.2d 963]; *Hetzel* v. *Franchise Tax Board* (1958) 161 Cal.App.2d 224, 229 [326 P.2d 611]) and such deductions, like credits and exemptions, are to be narrowly construed against the taxpayer (*Miller* v. *McColgan* (1941) 17 Cal.2d 432, 441 [110 P.2d 419, 134 A.L.R. 1424]; *Burnham* v. *Fran-*

*chise Tax Board* (1959) 172 Cal.App.2d 438, 445 [341 P.2d 844]). ■ Section 24402, on the other hand, has no effect upon deductibility of expenses. It deals simply with the narrow question of the inclusion of certain dividend income in the measure of the tax of the dividend recipient. Its purpose is to prevent the imposition of a second tax upon the stream of income leading to the dividend. (12 Marshall, Cal. Practice, State and Local Taxation (1969) p. 168.)

In this instance we are not concerned with section 24402, or any section of the law under which taxpayer's income was eliminated to arrive at the net figure used in computing the measure of its tax. ■ Section 24425 is operative whenever income is eliminated from the measure of the tax under any authority or for any purpose; it states with incontestable clarity that items are nondeductible when allocable to income "not included in the measure of the tax." ■ The dividends in question were not included in income used to measure plaintiff's tax. It follows that the expense items are nondeductible.

The controlling authority on this subject is this court's unanimous decision in *Security-First Nat. Bk.* v. *Franchise Tax Bd.* (1961) 55 Cal.2d 407 [11 Cal.Rptr. 269, 359 P.2d 625]. The issue was stated at page 423: "It is plaintiffs' position that cooperatives, in determining their net income, may deduct all operating expenses and are also, with respect to business done with members and done with nonmembers on a nonprofit basis, entitled to a deduction of the gross income. . . ." The court found that the Franchise Tax Board's method of calculating the income of cooperatives "has the sensible result of treating them, so far as they engaged in profit-making business, like any other corporation subject to the franchise tax." Therefore, said Chief Justice Gibson, the corporation which deducted its nonprofit business from its gross income "contrary to plaintiffs' position, would not be entitled to also deduct business expenses incurred in producing that income." (*Id.* at p. 424.) This court's decision in *Security-First Nat. Bk.* prevented a double deduction sought by the taxpayer and precedent dictates we must rule similarly in this case.

Judge Marshall, in his definitive text on taxation (12 Marshall, Cal. Practice, State and Local Taxation, *supra,* § 646 (C.(8)), p. 180) describes the applicable principle this way: "Any amount, otherwise allowable as a deduction, which is allocable to income not included in the measure of the corporate tax, is not deductible. The purpose of this section is to prevent a double exemption. Federal regulations (§ 1.265-1) interpret a comparable section (§ 265(1)) to intend prohibition of deduction of expenses of producing exempt income. By income the Legislature must have meant *gross* income—such deductions are not taken from net income." (Italics in original.)

We sought information from counsel as to the administrative practice of the Franchise Tax Board. Pursuant to our request we were advised, by written stipulation of counsel, that at least since 1962, when an intra-office memorandum on the subject was prepared, the board has disallowed expenses incurred in receiving dividends which have been deducted pursuant to section 24402. The position of the board has been that in the absence of a specific code section to the contrary, expenses incurred to produce deductible income may not be taken as a deduction. While administrative determinations are not controlling, the existence of this practice for at least the past eight years suggests legislative acquiescence, during that period, in the board's statutory construction.

We conclude that expenses incurred by a taxpayer in producing or receiving dividend income are properly deductible only when that taxpayer's dividend income is taxable.

The judgment is reversed and remanded to the trial court for the purpose of determining the amount of plaintiff's deductions allocable to its dividend income and entering a new judgment in accordance with the views expressed herein.

Wright, C. J., Peters, J., Tobriner, J., and Sullivan, J., concurred.

**BURKE, J.**—I dissent.

### The Merits

Defendant Franchise Tax Board concedes that during the income years here involved (1958, 1959 and 1960) plaintiff corporation properly deducted from its gross income, under the authority of section 24402 of the Revenue and Taxation Code,[1] dividends which it had received from other California corporations and which had been declared from income which had been "included in the measure of the taxes imposed . . . upon the taxpayer declaring the dividends." (§ 24402.)

In my view, the plain intent of section 24425 is that the expenses allocable to the dividends deductible under section 24402, should likewise be deductible, in order to avoid double taxation.

As this court has just reaffirmed in *Safeway Stores, Inc.* v. *Franchise Tax Board,* 3 Cal.3d 745, 749-750 [91 Cal.Rptr. 616, 478 P.2d 48] the purpose of the dividend deduction permitted under section 24402 (formerly § 8, subd. (h), of the Bank & Corp. Franchise Tax Act) is to avoid imposing the franchise tax more than once on the same income while it remains in the hands of corporations doing business in California

---

[1]All section references are to the Revenue and Taxation Code unless otherwise stated.

and before it is paid out as a dividend to the ultimate individual owner of shares in the last such corporation by which the income is received as a dividend. At that point the income will of course again be subject to tax if the individual shareholder to whom it is paid as a dividend is a California taxpayer.

Section 24425 is clearly intended, and should be construed, to give full effect to this established purpose of avoiding double taxation at the corporate level. Thus, although section 24402 specifies that a deductible dividend must have been paid from income included in the measure of the taxes imposed *"upon* the *taxpayer declaring the dividends"* (italics added), section 24425[2] in restricting otherwise deductible items refers more broadly to those allocable to income not included in the measure of the tax *"imposed by this part."* (Italics added.) "This part" is the Bank and Corporation Tax Law. The same divergence between the broad reference to "this part" in the one section, and the narrow designation of the "taxpayer declaring the dividends" in the other section, appears in the predecessors to section 24425[3] and in the predecessors to section 24402.[4] This consistency of language is clearly not a historical accident, but instead demonstrates the continuing intent of the Legislature that the same income not be subjected to taxation more than once in corporate hands. Inasmuch as the dividend income here involved was included in the measure of the tax imposed by "this part" when it was taxed in the hands of the corporations paying the dividends to plaintiff, plaintiff's expenses allocable to such income did not fall within the section 24425 description of nondeductibe items.

Further confirmation of this obvious legislative intent is found in the provisions of Revenue and Taxation Code section 24344[5] limiting the deductibility of interest expense of a taxpayer whose income is derived

[2]Section 24425 makes nondeductible any amount which is otherwise deductible but "which is allocable to . . . income not included in the measure of the tax *imposed by this part* [i.e., imposed by the Bank & Corp. Tax Law]. . . ." (Italics added.)

[3]See subdivision (d) of section 9, added to the Franchise Tax Act, Statutes 1937, chapter 836, pages 2329-2330; subdivision (d) of section 8 of Corporation Income Tax Act, Statutes 1937, chapter 765, page 2188.

[4]See subdivision (h) of section 7 of Corporation Income Tax Act, Statutes 1937, chapter 765, page 2187; subdivision (h) of section 8 of Franchise Tax Act, as amended Statutes 1939, chapter 1050, page 2942.

[5]Section 24344: "(a) Except as limited by subsection (b), there shall be allowed as a deduction all interest paid or accrued during the income year on indebtedness of the taxpayer.

"(b) If income of the taxpayer is determined by the allocation formula contained in Section 25101, the interest deductible shall be an amount equal to interest income subject to allocation by formula, plus the amount, if any, by which the balance of interest expense exceeds interest and dividend income (except dividends deductible

from or attributable to sources both within and without California and so is determined by the allocation formula contained in section 25101 (formerly § 10 of the Bank & Corp. Franchise Tax Act). Section 24344, in subdivision (b), directs, first, that for such a taxpayer interest expense may be deducted in an amount equal to interest income subject to allocation by formula. Next, the balance of interest expense is deductible to the extent by which it exceeds interest and dividend income *except dividends deductible under section 24402,* not subject to formula allocation. Third, any remaining interest expense is to be "directly offset against interest and dividend income (*except dividends deductible under . . . Section 24402*) not subject to" formula allocation. (Italics added.) Thus section 24344 twice demonstrates in specific language the intent of the Legislature that otherwise deductible interest shall not be limited by offsets against or subtractions of dividends deductible under section 24402 because they were paid from income which had been included in the measure of the tax on the corporation which paid the dividends.

*Security-First Nat. Bk.* v. *Franchise Tax Bd.* (1961) 55 Cal.2d 407, 423-424 [11 Cal.Rptr. 269, 359 P.2d 625], relied upon by the majority, did not deal with expenses allocable to such deductible dividends, but instead with those incurred in producing certain gross income of cooperatives which had *never previously been taxed* by California.

It appears appropriate to note that it has been suggested that to permit corporations which receive dividends deductible under section 24402 to also deduct the expenses allocable to producing those dividends is to favor corporate taxpayers over individual taxpayers, as the latter are not ordinarily permitted to deduct expenses allocable to their nontaxed income. This suggestion loses sight of the fact that, as already mentioned, it is the ultimate individual shareholder (and taxpayer) who benefits from the avoidance of double taxation of income at the corporate level. The income from which the individual shareholder receives dividends is already taxed at least once before it reaches him, and is then subject to taxation a second time when he receives it. The individual taxpayer whose income from sources other than dividends is ordinarily taxed only once plainly has suffered from no discrimination in the respects that have been suggested here.

### *"Administrative Practice" of the Board*

The majority opinion refers to our request of counsel for information as to the administrative practice of the Franchise Tax Board, and to coun-

---

under the provisions of Section 24402) not subject to allocation by formula. Interest expense not included in the preceding sentence shall be directly offset against interest and dividend income (except dividends deductible under the provisions of Section 24402) not subject to allocation by formula."

sel's stipulation that at least since the board prepared an interoffice memorandum on the subject in 1962, the board has disallowed expenses incurred in receiving dividends which have been deducted pursuant to section 24402. The reliance on the memorandum to support the majority's opinion is a flagrant bootstrap operation.

1. The income years involved in this case are 1958, 1959 and 1960. Counsel's stipulation is that the 1962 memorandum was prepared "in connection with the audit and proposed treatment in the *Great Western Financial* case *now before the Court* [italics added], and for the purpose of determining what the Franchise Tax Board action was to be *in this case*. [Italics added.]" In other words, the majority cite a board memorandum which states the board's position in the actual case now being decided by this court, as indicative of "legislative acquiescence" in the board's position and as an aid to our construction of the involved statutes. Obviously such a memorandum is entitled to no weight of any nature in ascertaining anything other than the views of the board itself—views which are similarly expounded in its briefs on appeal. Would the briefs support the majority's suggestion of "legislative acquiescence" in the position of the board? Of course not.

2. Counsel likewise stipulated that the 1962 memorandum was "a *confidential* legal memorandum *for* its *internal use only*. . . ." (Italics added.) Thus it was not a published regulation which, even if it had antedated the present litigation, could have formed the basis for suggesting legislative acquiescence in the board's views.

3. In any event and even if the board had shown an earlier long-standing administrative construction and practice covering at least some substantial portion of the more than 30 years since the 1937 enactment (Stats. 1937, ch. 836, p. 2329) of the predecessor to present section 25524 (subd. (d) of § 9 of the former Franchise Tax Act), the rule as declared by this court is that if "the administrative construction is erroneous, it does not govern the interpretation of the statute even though the statute is subsequently reenacted without change." (*Louis Stores, Inc.* v. *Department of Alcoholic Beverage Control* (1962) 57 Cal.2d 749, 760 [15] [22 Cal.Rptr. 14, 371 P.2d 758] and citations.)

The judgment holding the expenses here at issue to be deductible should be affirmed.

McComb, J., concurred.

Respondent's petition for a rehearing was denied March 3, 1971, and the judgment was modified to read as printed above. McComb, J., and Burke, J., were of the opinion that the petition should be granted.