# ROY MOBILE HOMES, INC.
*v.*
## DEPARTMENT OF REVENUE

Earl H. Mickelsen, Portland, represented plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered March 16, 1977.

CARLISLE B. ROBERTS, Judge.

This suit arises under the Oregon Corporation Excise Tax Law of 1929, ORS chapter 317 (1971 Replacement Part). The court's jurisdiction is based upon defendant's Order No. I 76-13, signed on March 17, 1976, affirming certain excise tax deficiencies asserted against the corporation for the fiscal years ending March 31, 1971, 1972, and 1973.

The legal question presented is whether plaintiff corporation, for the tax years in question, can require the defendant Department of Revenue to accept corporation excise tax returns consolidating the returns of plaintiff and its wholly owned subsidiary, Romart Industries, Inc., an Oregon corporation doing business solely in Oregon.

Roy Mobile Homes, Inc., is an Oregon corporation engaged in business solely in Oregon. Prior to 1973, the corporation's stock was wholly owned by Mr. and Mrs. Roy Fortner of Portland. (Beginning sometime during the year 1973, all of the stock was held by Mr. Fortner.) The corporation was engaged in the business of selling travel trailers at retail. During the period 1965-1969, Mr. Fortner, as chief executive officer of the family-owned corporation, concluded that he was not getting enough mobile home units for sale from his suppliers and, in 1969, using capital derived from a sale of property individually owned by him, successfully built a single travel trailer. He then discovered that the financiers who "floored" his retail units were unwilling to finance finished goods which were both manufactured and sold by a single firm. In consequence of this fact, Roy Mobile Homes, Inc., organized a separate corporation in 1970, chartered as Romart Industries, Inc., for the purpose of manufacturing mobile homes. All of the stock of the corporation was retained by the parent corporation.

Plaintiff had profits subject to income tax and Romart had deductible income tax losses during the periods in question. The reported amounts of these profits and losses are undisputed. Combined corporation excise tax forms for the subject years were filed for the two corporations, the losses of Romart offsetting the income of Roy Mobile Homes, Inc. The defendant's Audit Division required separate reporting of the two firms, disallowing the offsets claimed, on the ground that both of the corporations were domestic and doing business solely within the State of Oregon and therefore not authorized to file a combined

return under the law, citing ORS 317.360 (1971 Replacement Part) and the pertinent rule, OAR 150-317.360(A).*

The plaintiff appealed to the defendant pursuant to ORS 314.455 and the defendant's order was issued, affirming the defendant's Audit Division on the ground that the same question was settled by the Oregon Tax Court contrary to plaintiff's claim, citing *UTICO Corp. v. Commission,* 3 OTR 457 (1969).

In support of its claim of a "legal right" to file consolidated returns with its wholly owned subsidiary, plaintiff has cited income tax cases in which the Oregon Supreme Court has relied upon the Internal Revenue Code (1954) for purposes of construction of statutes. Plaintiff overlooks the fact that these cases involve the Oregon personal income tax law which, presently, is based upon a substantial adoption of the federal statute in the Personal Income Tax Act of 1969 (ORS chapter 316). Although much of the corporation excise tax law (applicable here) uses federal tax language, plaintiff's contention that this court must follow federal income tax "principles" is not applicable here. ORS 317.360 provided that "* * * the department [defendant] may permit or require a consolidated return * * *." The federal statute, IRC (1954), § 1501, et seq., is quite different; the federal statute specifically grants to affiliated corporations "the privilege of making a consolidated return * * *." The Oregon statute was not copied from federal law; it contradicts it.

Plaintiff also urges that the approval by the voters at the General Election of November 3, 1970, of Section 32 as a part of the Oregon Constitution, Art IV, supports its view that "[s]ubsequent to that time [the decision in *UTICO, supra*] substantial changes have occurred in Oregon tax laws as affected by the

---

*ORS 317.360 was repealed by Or Laws 1975, ch 760, § 3, and the material therein reenacted and codified, with little change, as ORS 314.363 (1975 Replacement Part).

Federal tax law." This constitutional amendment was known as the "Automatic Adoption, Federal Income Tax Amendments" and was explained in the Voters' Pamphlet, compiled and issued by the Secretary of State for the General Election of November 3, 1970, at 10, as follows:

> "The purpose of HJR 3 is to amend the Oregon Constitution to allow the Legislature to automatically adopt changes in federal taxable income for state income tax purposes. Under the proposed Constitutional Amendment the Legislature will be required to review all federal tax changes at each regular session (optional at special sessions) and if it chooses may reject or modify such changes. If no action is taken, changes in federal taxable income are automatically adopted. The Legislature retains its power to set income tax rates and permit credits."

This constitutional provision is locked into the Personal Income Tax Act of 1969 by ORS 316.012. In 1971, ORS 316.012 was "frozen" by an amendment made in Or Laws 1971 (ss), ch 4, § 2:

> "* * * Any change in the laws of the United States or in the Internal Revenue Code of 1954 relating to federal income taxes which takes effect or becomes operative after December 31, 1971 (regardless of the date of enactment of the change by the United States Congress) shall not apply to this chapter except where the Legislative Assembly has specifically provided otherwise."

██ It is clear that the constitutional amendment was not intended to affect the interpretation of ORS chapter 317.

██ In Plaintiff's Brief, at 6, it is argued:

> "E. It would be a cruel anomaly of the law indeed to allow, for example, two affiliated corporations, one of which does five percent of its business in Vancouver, Washington, to be permitted to consolidate its returns yet deny Oregon residents the same privilege, * * *."

This is not really an argument but a number of answers can be made of it. For example, the legislature's power to classify taxpayers is undoubted. Or

Const, Art I, § 32; *Carmichael v. Southern Coal & Coke Co.,* 301 US 495, 509-510, 57 S Ct 868, 872-873, 81 L Ed 1245, 1253 (1937), cited with approval in *Smith et al v. Columbia County et al,* 216 Or 662, 681-683, 341 P2d 540, 550-551 (1959). Again, the only reason for two closely affiliated Oregon domestic corporations, doing business only in this state, to file consolidated returns is to gain a tax advantage. This is a matter for the legislature. Exemptions, deductions, credits and offsets are matters of legislative grace. *Eman. Luth. Char. Bd. v. Dept. of Rev.,* 263 Or 287, 502 P2d 251 (1972).

█ It appears to this court that the sense of injustice which appears to be felt by plaintiff's sole stockholder (as echoed in Plaintiff's Brief) grows out of his confusion of himself as an individual and the two corporate persons which he has brought into legal being. In law, Mr. Fortner, Roy Mobile Homes, Inc., and Romart Industries, Inc., constitute three separate, distinct legal entities. For income tax purposes, Mr. Fortner is subject to ORS chapter 316; the other two entities, as corporations, come within the purview of ORS chapter 317. Although both corporations come within ORS chapter 317, each has its particular business operations, its own income, deductions, and taxable income or nontaxable losses. The law gives an individual the power to create a corporation but the corporation, once formed, has only those powers and privileges which the law gives it. In no legal sense can the business of a corporation be said to be that of its individual stockholders or officers. The corporate entity is distinct, even though all or a majority of its stock is owned by a single individual or corporation. The corporate entity cannot be disregarded by another corporate entity. *National Carbide Corp. v. Commissioner,* 336 US 422, 69 S Ct 726, 93 L Ed 779, 10 ALR2d 566 (1949).

The law of this case is found in *UTICO Corp., supra,* and *Ore. Motor Club et al v. Dept. of Rev.,* 4 OTR

101 (1970). The case of *Handlery v. Franchise Tax Board,* 26 Cal App3d 970, 103 Cal Rptr 465 (1972), *appeal dismissed,* 410 US 921, 93 S Ct 1373, 35 L Ed2d 582 (1973), contains a useful discussion of the problems raised in this suit. For example, at 973:

"It is a basic principle of income taxation law that an individual or corporation shall pay a tax measured by his or its own income. (See *Hoeper v. Tax Commission,* 284 U.S. 206 [76 L.Ed. 248, 52 S.Ct. 120, 78 A.L.R. 346].) California's Supreme Court has said: 'It is a fundamental premise of tax law that each taxpayer is accountable and taxable only upon its own income. . . .' (*Great Western Financial Corp. v. Franchise Tax Bd.,* 4 Cal.3d 1, 5 [92 Cal. Rptr. 489, 479 P.2d 993].) * * *"

The defendant's Order No. I 76-13 is affirmed.