**ALCAN ALUMINIUM LIMITED,**
**Plaintiff,**

v.

**The FRANCHISE TAX BOARD OF the STATE OF CALIFORNIA, operating through its New York Office; Frank Goodman, individually and as District Manager, New York Office of the Franchise Tax Board of the State of California; and Joseph E. Geoghegan, individually and as Supervisor—Audit Group, New York Office of the Franchise Tax Board of the State of California, Defendants.**

No. 81 Civ. 3911 (GLG).

United States District Court, S. D. New York.

May 20, 1982.

Sidley & Austin by Charles W. Douglas, Chicago, Ill., and Sullivan & Cromwell by John L. Warden, H. Lake Wise, New York City, and Lawrence A. Salibra II, Cleveland, Ohio, for plaintiff.

George Deukmejian, Atty. Gen. of the State of Cal. by Edward P. Hollingshead, Charles C. Kobayashi, Deputy Attys. Gen., Sacramento, Cal., for defendants.

## OPINION

GOETTEL, District Judge:

This action by Alcan Aluminium, Ltd. (Alcan), a Canadian corporation, challenges the California Franchise Tax Board's (FTB) inclusion of income from non-United States corporations in its calculation of unitary corporate income tax. California's method of unitary taxation does not consider the separate identities of members of a corporate family. *Max Factor & Co. v. Franchise Tax Board of California,* 35 Cal. App.3d 7, 9, 110 Cal.Rptr. 536, 537 (1973).

Rather, it consolidates the companies' activities in a line of business into a single unitary business and calculates the tax payable to California in a two step process. First, the percentages of a single unitary business entity's sales, property, and payroll that are in California are averaged. Second, the average percentage is multiplied by the total income from the single unitary business that the company conducts. *See* Cal.Rev. & Tax Code §§ 25101, 25102, 25128–25136 (West 1979).

The FTB levied the unitary tax on plaintiff's indirectly wholly owned subsidiary Alcan Aluminum Corporation (Alcancorp).[1] In computing Alcancorp's taxable income, the FTB included the payroll, sales, property, and income of Alcan's subsidiaries that are foreign corporations having no business or contacts in the United States. According to the FTB, this computation is proper because Alcancorp and these subsidiaries are engaged in a unitary business, and unitary taxation is appropriate "[w]hen the income of the taxpayer . . . is derived from or attributable to sources both within and without the state." Cal.Rev. & Tax Code § 25101 (West 1979). Alcan insists that a worldwide application of unitary taxation is unconstitutional, especially when the domestic subsidiary deals with the foreign parent corporation and the foreign subsidiaries at arms' length, if at all. Alcan has demonstrated that in years when its United States operations showed a loss and its foreign operations showed profits, it has nevertheless paid California income tax.

Alcancorp has paid the tax as assessed and is seeking a refund in the California courts through procedures available to it as a California taxpayer. The primary theory underlying the refund action is that Alcancorp and Alcan's foreign subsidiaries are not involved in a unitary business taxable by California on a worldwide scale. (Although injunctive and declaratory relief are not sought in the California refund action, some constitutional issues are raised.) In

1. Alcancorp is a New York corporation, qualified to do business in California, with its principal place of business in Ohio.

the action before this Court, the foreign parent corporation is raising constitutional claims and primarily seeking declaratory and injunctive relief.

The defendants named in this action are the FTB, operating through its New York office, Frank Goodman, individually and as District Manager of the New York office, and Joseph E. Geoghegan, individually and as Supervisor of the Audit Group, New York office.[2] They have now moved to dismiss this action pursuant to Fed.R.Civ.P. 12(b) on the grounds that the Court lacks subject matter jurisdiction, that there is an identical action brought by plaintiff's subsidiary pending before the California courts, that venue is improper, and that the complaint fails to state a claim upon which relief can be granted. In the alternative, the defendants ask this Court to abstain from exercising its jurisdiction or to transfer the case,[3] in the interests of justice, to the Eastern District of California, where it could have been brought originally. *See* 28 U.S.C. §§ 1404(a), 1406(a) (1976).[4] These arguments will be considered seriatim.

The defendants' argument concerning subject matter jurisdiction is based on the Anti-Injunction Statute, which provides that "[t]he district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341 (1976). The defendants argue that this statute bars a decision on this matter of state taxation because California's "plain, speedy and efficient" remedy is available to plaintiff through its subsidiary's identical action before the California courts. Alcan's response is that not only are the claims in the state and federal actions different, but

the state forum is not available to either plaintiff or its subsidiary for constitutional claims relating to the Foreign Commerce Clause. U.S.Const. art. I, § 8. Specifically, it argues that its domestic subsidiary is not engaged in foreign commerce and, therefore, has no standing to raise these constitutional issues of multiple taxation of the instrumentalities of foreign commerce and interference with the exclusive federal jurisdiction over foreign commerce. Further, Alcan argues that it has no standing to raise these issues in the California courts because, although its income and that of its non-American subsidiaries is considered for purposes of computing Alcancorp's taxes, Alcan is not the actual taxpayer and California's remedy is available only to taxpayers.

The Ninth Circuit recently addressed the issue of whether a foreign parent corporation, which is not a taxpayer, is barred by section 1341 from maintaining an action in federal court because a "plain, speedy and efficient" remedy is available to its domestic taxpaying subsidiary. In *Capitol Industries–EMI, Inc. v. Bennett*, 681 F.2d 1107 (9th Cir. 1982), a case involving issues strikingly similar to those before this Court, the court held that section 1341 did not bar the exercise of subject matter jurisdiction because, although the claims of foreign parent and domestic subsidiary corporations were substantially the same, the interests were not necessarily identical. Thus, it found that the state courts did not provide a remedy to the foreign parent corporation. *Capitol Industries–EMI, Inc. v. Bennett, supra*, at 1117–18. Although this Court questions whether the parent and subsidiary's

---

2. Defendants have suggested that the proper responsible parties have not been named as individual defendants in this action. Apparently, the plaintiff has intentionally brought suit against certain local FTB employees, instead of the FTB board members, to establish venue in New York. If the board members were the defendants in this action, venue would not lie in this district because California is where the board members reside and have their official duty stations, and it is the place in which the

actions giving rise to these claims occurred. 28 U.S.C. 1391(b) (1976).

3. *See supra* note 2.

4. This alternative, while resisted strenuously by the plaintiff, is not forcefully pressed by the defendants, who apparently prefer the other remedies sought. In any event, the defendants' papers do not contain adequate information to decide that aspect of this motion.

interests are not so similar that the subsidiary's action would determine the claims of both parties, we will follow the Ninth Circuit in holding that section 1341 does not bar the plaintiff's claim. As California is in the Ninth Circuit, that Court is in a better position to decide this issue of state law, that is, the availability of the state remedy to the parent corporation. *Factors Etc., Inc. v. Pro Arts, Inc.*, 652 F.2d 278, 283 (2d Cir. 1981) (federal courts in other circuits should defer to the pertinent circuit's holdings on first impression questions of law).

■ The defendants' second argument is that this action must be dismissed because the Eleventh Amendment bars federal courts from hearing suits "commenced or prosecuted against one of the United States." U.S.Const. amend. XI. In *Capitol Industries*, however, the Ninth Circuit held that the Eleventh Amendment does not bar federal court actions against state officials to enjoin them from enforcing unconstitutional statutes. *Capitol Industries-EMI, Inc. v. Bennett, supra*, at 1118; *see also Larson v. Domestic and Foreign Commerce Corp.*, 337 U.S. 682, 689-90, 69 S.Ct. 1457, 1461-1462, 93 L.Ed. 1628 (1949); *United States Steel Corp. v. Multistate Tax Commission*, 367 F.Supp. 107, 112-15 (S.D.N.Y. 1973). This Court agrees with the Ninth Circuit and holds that the Eleventh Amendment does not bar plaintiff's claim.

■ Defendants' third point is that governmental immunity shields the individual defendants from any liability for discretionary acts performed in their official capacity. In support of this proposition, however, defendants have cited authority that may provide a shield from damages, but not from injunctive or declaratory relief. In this action, plaintiff primarily seeks declaratory and injunctive relief, which is not barred by the case law or the California constitution or statutes cited by defendants.

The defendants' fourth argument is that plaintiff lacks the requisite injury to have standing. First, they argue that Alcan's

relation to Alcancorp is that of a shareholder and that such a relationship gives Alcan merely an expectancy interest in Alcancorp's corporate earnings, not a property interest. Thus, they conclude that plaintiff has no standing because the speculative nature of its interest precludes Alcan from showing injury. Second, they argue that Alcan has not received the requisite direct and substantial injury to have standing because Alcan was not the taxpayer. Plaintiff responds that it has two direct injuries, namely, multiple taxation in violation of the Foreign Commerce Clause and a diminished ownership interest in Alcancorp.[5] *Capitol Industries* offers no specific guidance on standing. *See Capitol Industries-EMI, Inc. v. Bennett, supra*, at 1119 n.31. Although plaintiff's claims of standing appear tenuous, this Court does not dismiss the case on that issue at this time and it need not now be decided in light of the steps provided hereinafter for resolution of the substantive issues.

■ Defendants' final contention is that this Court should abstain from exercising its jurisdiction. According to the defendants, absent a patently invalid statute, abstention is proper when the dispute involves restraint of state tax collection. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 816, 96 S.Ct. 1236, 1245, 47 L.Ed.2d 483 (1976). The Ninth Circuit stated in *Capitol Industries* that because the foreign parent corporation was found not to have an adequate remedy in state court, it would be inappropriate to abstain should abstention result in dismissal. *Capitol Industries-EMI, Inc. v. Bennett, supra*, at 1121 n.34. It did note, however, that a stay pending decision by the highest state court might be appropriate in light of the fact that it was unclear how the highest California court would rule on the issue of whether unitary taxation encompasses the overseas operations of United States corporations. *Id.* at 1121 n.34.

A stay is particularly appropriate in the case at bar. First, the issues involve uncer-

---

**5.** Alcan argues that because it is the sole shareholder of Alcancorp, its interest is not the expectancy interest of an ordinary shareholder, but an ownership interest.

tainty as to interpretation of state law and its constitutionality. Second, several domestic corporations are already seeking review of the FTB's method of assessing income taxes on the worldwide unitary method by the Supreme Court of the United States or the highest court of California. *See, e.g., Container Corp. of America v. Franchise Tax Board,* 117 Cal.App.3d 988, 173 Cal.Rptr. 121 (1981); *Anaconda v. Franchise Tax Board of California,* 130 Cal. App.3d 15, 181 Cal.Rptr. 640 (Ct.App., 1982); *Firestone Tire & Rubber Co. v. Franchise Tax Board of California,* No. 2–62918 (Ct.App., filed 1981); *Caterpillar Tractor Co. v. Lenckos,* 84 Ill.2d 102, 49 Ill.Dec. 329, 417 N.E.2d 1343, *cert. granted sub nom. Chicago Bridge & Iron Co. v. Caterpillar Tractor Co.,* —— U.S. ——, 102 S.Ct. 564, 70 L.Ed.2d 472 (1981). Final decisions in these cases, followed by the state court's decision on Alcancorp's case,[6] may render plaintiff's substantive claims moot.[7] Finally, staying this action pending resolution of Alcancorp's case before the state court[8] furthers the Congressional purpose in enacting the Anti-Injunction Statute, 28 U.S.C. § 1341 (1976). One reason that Congress enacted the statute was to prevent out-of-state corporations from having access to state and federal courts while limiting domestic corporations to state courts. *See Aluminum Co. of America v. Dep't of Treasury of Mich.,* 522 F.2d 1120, 1123–24

(6th Cir. 1975); S.Rep.No.1035, 75th Cong., 1st Sess. 1–2 (1937). As the Ninth Circuit suggested, to allow a parent corporation to bring an action in federal court to challenge the assessment of a tax on its subsidiary, is to circumvent Congress's basis for enacting the Anti-Injunction Statute. *Capitol Industries–EMI, Inc. v. Bennett, supra,* at 1119 n.32. If this Court denied plaintiff access to the federal courts, however, plaintiff would, under the reasoning of *Capitol Industries,* have no forum because the California remedy is not available to nontaxpayers.[9] In light of these considerations and the fact that plaintiff would suffer no imminent harm by postponement of a decision on the merits, it is both unnecessary and unwise for this Court to decide plaintiff's substantive questions at this time.

Thus, this action is stayed pending a disposition of the issues concerning the FTB's worldwide unitary taxation method in Alcancorp's case in state court, or in other cases before the highest California court or the Supreme Court of the United States.[10] The Clerk will place this action on the suspense calendar pending further direction from this Court.

SO ORDERED.

---

6. Alcancorp's state action is presently inactive, awaiting the determination of other cases raising similar issues that were already on appeal, but there is no known impediment to the reactivation of the case.

7. This Court recognizes that plaintiff's claims are not those of a domestic corporation and that the pending actions would render plaintiff's claims moot only if the Supreme Court of the United States or the highest California court forbade the worldwide taxation of overseas domestic operations. If those courts rendered any other decision, plaintiff's substantive questions about the propriety of state taxation affecting foreign corporations in the manner that Alcan is affected would warrant close consideration in the proper forum, assuming plaintiff shows standing. *See Japan Line, Ltd. v. County of Los Angeles,* 441 U.S. 434, 99 S.Ct. 1813, 60 L.Ed.2d 336 (1979) (California's ad valorem property taxation of crates of a Japanese shipping company handled in California is

unconstitutional on grounds that the tax interfered with the exclusive federal authority to affect foreign commerce).

8. *See supra* note 6.

9. Perhaps the best solution to this predicament would be for California to provide a "plain, speedy and efficient" remedy for all injured parties including nontaxpayers. *Capitol Industries–EMI, Inc. v. Bennett, supra,* at —— n.32. This Court, however, is not in a position to influence the California legislature.

10. In light of this determination, the Court defers decision of some of the other issues raised, such as whether plaintiff has standing, whether the correct defendants have been sued, Cal. Gov't Code § 15700 (West 1980), and whether the venue is proper and convenient. 28 U.S.C. §§ 1404(a) and 1406(a) (1976).