## OREGON FARM BUREAU *v.* STATE TAX COMMISSION

Mr. Peter M. Gunnar, Salem, submitted a memorandum brief on behalf of plaintiff.

Mr. John C. Mull, Assistant Attorney General, Salem, submitted a memorandum brief on behalf of defendant.

Demurrer sustained September 28, 1966.

EDWARD H. HOWELL, Judge.

Plaintiffs filed this suit for a declaratory ruling under ORS 305.105 and ask this court to declare the meaning of ORS 308.239 relating to valuation of farmlands. The defendant commission demurred to the plaintiffs' complaint on the grounds that the complaint does not state a cause of action and that the court has no jurisdiction.

In substance, the plaintiffs' complaint alleges that plaintiffs are associations of Oregon residents principally engaged in farming; that ORS 308.239 was enacted in 1965; that the defendant promulgated certain regulations pertaining to the appraisal of farmland; that plaintiffs petitioned the defendant commission for a declaratory ruling as to whether the regulations apply to land involved in ORS 308.239 and to define certain terms mentioned in ORS 308.239[1] and requested that this court declare the proper meaning of ORS 308.239.

ORS 308.239 states, in part:

"Certain agricultural land to be valued upon basis of farm use. (1) Many farm properties throughout the state are being assessed for ad valorem purposes based upon market data information which does not represent the sale of comparable property for comparable uses and the particular sales which are utilized as indicators of the value of other farm properties, upon independent investigation, have been shown to represent sales for investment or other purposes not connected with bona fide farm use.

"(2) Notwithstanding the provisions of ORS 308.205, agricultural lands, when devoted exclu-

---

[1] Definitions were requested for (a) "standard agricultural accounting procedures," (b) "standard agricultural practices," and (c) "prudent investor for farm use."

sively to farm use as defined in ORS 215.203, shall be valued upon the basis of such farm use (a) whether zoned as farm lands under existing statutes or (b) whether constituting unzoned farm lands under ORS 308.370, and when comparable sales figures are utilized in arriving at assessed values of agricultural lands, the county assessors and the State Tax Commission shall make sufficient investigation to ascertain that the sales so utilized in fact represent sales for bona fide farm use. The sales used, when examined under standard agricultural accounting procedures and standard agricultural practices in the county, shall justify their purchase by a prudent investor for farm use.

"\* \* \* \* \*"

Plaintiffs' right to request this court for a declaratory ruling is based on ORS 305.105 which reads:

"305.105. Declaratory rulings by tax commission respecting regulations. The State Tax Commission may, on petition by any interested person, issue a declaratory ruling with respect to the validity or applicability to any person, property or state of facts of any rule or regulation promulgated by it. The commission will prescribe by rule the form, content and procedure for submission, consideration and disposition of such petitions. Full opportunity for hearing shall be afforded to interested parties. *A declaratory ruling shall bind the commission and all parties to the proceedings on the state of facts alleged,* unless it is altered or set aside by a court. A ruling shall be subject to review in the Oregon Tax Court and Supreme Court in the manner provided by ORS 305.445 and 306.545." (Emphasis supplied.)

■■ In declaratory judgment cases the rule is well established that courts do not have jurisdiction to entertain an action requesting the interpretation of a

statute unless there is a justiciable controversy between the parties. The controversy must be definite and concrete as distinguished from what the law would be upon a hypothetical state of facts. The plaintiffs must be able to point to an existing state of facts which gives them present legal rights against the defendant or an existing state of facts which threatens their legal rights. Inherent in all the law pertaining to declaratory judgments is the necessity of an existing state of facts. *Cummings Construction Company et al v. School District No. 9, Coos County et al,* 242 Or 106, 408 P2d 80 (1965). (Citing cases.)

A reading of the complaint clearly shows that plaintiffs have not alleged any facts, hypothetical or actual. It does not even allege a controversy. The court is merely requested to give a legal interpretation of the meaning of the statute.

The plaintiffs argue that ORS 305.105 requiring the commission to enter a declaratory ruling regarding a regulation promulgated by the commission changes the general rule of declaratory judgments and does not require them to allege a set of facts. This is not true. The statute contemplates the requirement of alleging facts because it states: "A declaratory ruling shall bind the commission and all parties to the proceedings *on the state of facts alleged,* unless it is altered or set aside by a court." (Emphasis supplied.)

■ It was not the intention of the legislature to create a different rule under ORS 305.105 and it is clear that the statute contemplated the requirement of a state of facts to which the legal interpretation of a regulation regarding a particular statute could be applied. It was not intended to cause the court to operate in a vacuum without any facts.

■ The tax commission in its opinion and order attempted to define certain terms mentioned in ORS 308.239. As the commission states in its brief, the opinion and order appears to be based more on an advisory opinion allowed by ORS 305.110 than a declaratory ruling under ORS 305.105. However, this is not important because if the defendant commission did attempt to issue a declaratory ruling without specific facts before it, it would have no bearing on the case in this court because the trial is *de novo*. ORS 305.425.

This court appreciates plaintiffs' interest in securing an interpretation of the nebulous language contained in the statute. If the court were to attempt to define the meaning of some of the terms involved it should know whether it was dealing with "standard agricultural accounting procedures" for a berry farmer in Marion County on the cash basis or a livestock rancher on the unit-livestock-price method of reporting income. A statute or regulation may have a different meaning depending on the factual situation. It could mean one thing to the berry farmer and something entirely different to the rancher. Moreover, if such interpretation were binding on all classes of farming it could conceivably be advantageous to one class and disastrous to the other.

■ If the court were to assume to interpret ORS 308.239 under the pleadings it would not be binding on any of the parties, the judgment would not be *res judicata* to any of the parties or any rancher or farmer and certainly would not terminate any controversy. 22 Am Jur2d, Declaratory Judgments, § 11, p 849.

The defendant's demurrer is sustained on both grounds.