## MICHAELS *v.* STATE TAX COMMISSION

Mr. Peter M. Gunnar, Salem, submitted a memorandum on behalf of plaintiff.

Mr. Carlisle B. Roberts, Assistant Attorney General, Salem, submitted a demurrer on behalf of defendant.

Demurrer sustained October 17, 1966.

EDWARD H. HOWELL, Judge.

This is a companion case to *Oregon Farm Bureau et al v. State Tax Commission,* 2 OTR 440 (1966), wherein the court was asked to interpret the meaning of ORS 308.239 relating to the valuation of farmland.

The allegations in plaintiffs' complaint for a declaratory ruling are exactly the same as in the *Farm Bureau* case except that plaintiffs allege that they are owners of farmland in Douglas County and that the Douglas County Assessor on January 1, 1967, intends to assess plaintiffs' land based upon an erroneous ruling of the State Tax Commission in the *Farm*

*Bureau* case. A copy of the opinion and order of the commission in the latter case is attached to the complaint. The defendant has demurred to plaintiffs' complaint on the grounds of lack of jurisdiction and failure to state a cause of action.

■ Plaintiffs bring this suit under ORS 305.105 which provides for the tax commission to issue declaratory rulings in certain instances.[1] The statute also allows a review of the tax commission's ruling in this court and in the Supreme Court. It is clear that the plaintiffs first must present their case to the tax commission before coming to this court. Plaintiffs have failed to do so and for that reason this court does not have jurisdiction under ORS 305.105.

■ Plaintiffs cannot rely on the ruling by the tax commission in the *Farm Bureau* case because they were not parties to the case and such ruling would not be binding on the defendant commission or the plaintiffs herein. "It is rudimentary that a decree or judgment in a declaratory action, as in actions or suits generally, cannot bind one not a party to the cause, * * *." 1 Anderson, Declaratory Judgments (2nd ed) 239, § 130.

As mentioned previously, plaintiffs have elected to bring this suit under the provisions of ORS 305.105

---

[1] "305.105. Declaratory rulings by tax commission respecting regulations. The State Tax Commission may, on petition by any interested person, issue a declaratory ruling with respect to the validity or applicability to any person, property or state of facts of any rule or regulation promulgated by it. The commission shall prescribe by rule the form, content and procedure for submission, consideration and disposition of such petitions. Full opportunity for hearing shall be afforded to interested parties. A declaratory ruling shall bind the commission and all parties to the proceedings on the state of facts alleged, unless it is altered or set aside by a court. A ruling shall be subject to review in the Oregon Tax Court and Supreme Court in the manner provided by ORS 305.445 and 306.545."

and not under the general declaratory judgment statutes contained in ORS, Chapter 28, the Uniform Declaratory Judgment Act. Whether this court has original declaratory judgment jurisdiction in tax cases where ORS 305.105 is not applicable, where the constitutionality of a statute is involved, or where the tax commission is charged with acting outside its statutory authority will have to await a case presenting those issues.

In proceeding under ORS 305.105 the plaintiffs have not complied with the requirement of first presenting their case to the tax commission before coming to this court. The defendant's demurrer is sustained on both grounds.

Costs to neither party.