# UTICO·CORP. *v.* COMMISSION·

Daniel A. Ritter, Attorney at Law, Salem, represented plaintiffs.

Gerald F. Bartz, Assistant Attorney General, State Tax Commission, Salem, represented defendant.

Decision for defendant rendered June 13, 1969.

EDWARD H. HOWELL, Judge.

Plaintiff appeals from a declaratory ruling issued by the tax commission pursuant to ORS 305.105. The commission ruled that the plaintiff could not file a consolidated corporate excise tax return with Union Title Insurance Company, its parent company, for the tax year 1966.

The sole issue is whether the plaintiff should be allowed to file a consolidated tax return with Union Title Company, as the plaintiff contends, or whether

the plaintiff and Union Title must file separate returns.

The facts have been stipulated.

Union Title has been conducting a title insurance business in Salem since 1949. In 1964 Union Title purchased certain real property in order to expand its office facilities. Under the statutes applicable to title insurance companies at that time, the only way Union Title could hold such real property was through the ownership of the stock of a wholly-owned subsidiary which would own the real property and rent it to Union Title. In July, 1965, UTICO CORP. was organized and incorporated as a subsidiary of Union Title for the purpose of holding title to the real property and renting it to Union Title.

The major portion of UTICO's income is derived from the lease with Union Title. However, portions of the building are presently rented to third parties until such time as the space is needed by Union Title.

In 1966 UTICO filed a consolidated return with its parent corporation, Union Title. Because of the depreciation allowance on the new building UTICO had a substantial loss for 1966 and by filing a consolidated return UTICO's losses could be offset against Union Title's gains. UTICO did not have sufficient revenue to absorb all the losses created from the depreciation of the building. The stipulation also states that if Union Title had been permitted by the Oregon statutes to own its own building the depreciation allowance on the building could have been entirely offset against the income of Union Title.

The issue of whether UTICO is entitled to file

a consolidated return with Union Title involves an interpretation of ORS 317.360(1) which reads:

"(1) Where a corporation required to make a return under this chapter is affiliated with another or other corporations (whether or not such other corporation or corporations are doing business in Oregon) and the income of the corporation required to make the return is affected or regulated by agreement or arrangement with such affiliated corporation or corporations, the commission may permit or require a consolidated return and apply the tax upon that part of the income shown on the consolidated return which is properly attributable to this state under the rules and regulations of the commission relating to allocation of income. The corporations which are joined in a consolidated return shall be treated as one taxpayer."

The commission Reg 317.360-(A) for the above statute states:

"* * * * *

"Generally speaking, corporations which carry on unrelated businesses or businesses wholly within the state are not permitted to file a consolidated return even though they are affiliated. * * *"

The plaintiff attacks the commission's ruling on the following grounds: that if ORS 317.360(1) gives the commission absolute discretion to decide when consolidated returns may be filed it is unconstitutional as an unlawful delegation of legislative authority; that the commission's regulation is invalid because it is inconsistent with the statute; and that the commission erred in refusing to allow the plaintiff and Union Title to file consolidated returns.

The commission argues that ORS 317.360(1) does not allow two domestic corporations doing business solely within this state to file consolidated returns.

ORS 317.360(1) states, in effect, that where a corporation required to file a corporate excise tax return is affiliated with another corporation (whether or not the other corporation is doing business in Oregon) and the income of the former is affected by arrangement or agreement with the affiliated corporation, the commission may permit or require a consolidated return and *tax that part of the income shown on the consolidated return which is properly attributable to this state.*

■ In construing ORS 317.360(1) consideration should be given to other Oregon statutes relating to allocation of income properly taxable by Oregon. ORS 314.280 allows the commission to permit or require either the segregated or apportionment method of reporting income of financial organizations or public utilities "so as fairly and accurately to reflect the net income of the business done within the state." ORS 314.615, a portion of the Uniform Division of Income for Tax Purposes Act, states that any taxpayer (with certain exceptions not material) having income from business. activity which is taxable both within and without the state shall allocate and apportion his net income.

■ The obvious purpose of allocation statutes is to allow Oregon to tax its fair share of the taxpayer's income derived from business done within this state. Generally a single taxpayer is involved. ORS 317.360 (1) provides for the taxation of income "which is properly attributable to this state" where two or more affiliated corporations are involved.

■ The commission's regulation states that "[G]enerally speaking, corporations which carry on  *  *  * businesses wholly within the state" are not permitted

to file consolidated returns. The rationale for the regulation is that income from two domestic corporations would not ordinarily require an apportionment. The regulation does not deny the right to file consolidated returns by domestic corporations in all instances because of the use of the qualifying phrase ".Generally speaking." The commission states in its brief that consolidated returns might be permitted where one of the affiliated corporations has income from out-of-state activities. Generally, however, two domestic corporations would not be eligible under the statute if all of their income is attributable to Oregon and not subject to apportionment.

■ The use of the parenthetical phrase in ORS 317.360(1) "(whether or not such other corporation or corporations are doing business in Oregon)" does not mean whether or not the other corporation is a domestic corporation. The proper interpretation is that the commission may not only permit or require a domestic corporation to file consolidated returns with a foreign corporation doing business in Oregon, but also with a foreign corporation not doing business in Oregon.

The plaintiff states that the purpose of the consolidated returns statute is to prevent the "distortion of income." The same phrase has been used by the commission in opinions denying the right to file such returns to three separate corporations engaged in sawmill, logging and timber-holding operations, and to a title company and its affiliated corporation. See LDA (CE) 317.360/p. 2; OF 819; Order No. I-52-27; 9/30/52 and LDA (CG), 317.360(1)/p. 2; OF 1440; Order No. I-57-19; 6/3/57.

■ The phrase "distortion of income" has no appli-

cation to ORS 317.360(1). The statute does not state that the commission may permit or require the filing of consolidated returns based on whether income may or may not be "distorted." The statute states that consolidated returns may be permitted or required so that Oregon may tax that income which is "properly attributable to this state." It might be argued in this case that plaintiff's income is "distorted" because it cannot take advantage of the losses without filing a consolidated return, but all the income of both plaintiff and Union Title is properly attributable to Oregon.

The plaintiff argues that if ORS 317.360(1) gives the commission absolute discretion to decide when consolidated returns may be filed by two affiliated corporations (as the commission stated in its opinion and order) the statute is unconstitutional as an unlawful delegation of legislative authority. The statute does not give the commission absolute discretion to make such determination. The statute itself imposes certain limitations: the two corporations must be affiliated; the income of one must be affected by agreement or arrangement with the other; the tax is limited to the income properly attributable to this state. Moreover, in the instant case the commission could not have forced the plaintiff and Union Title to file a consolidated return for the same reasons that plaintiff and Union Title are not eligible to file such returns. More importantly, however, if ORS 317.360(1) were unconstitutional as an unlawful delegation of legislative authority, plaintiff would have no statutory authority for the filing of a consolidated return with Union Title. The filing of consolidated returns is not a matter of right but a matter of legislative grace. 8-A Mertens, *Law of Federal Taxation,* § 46.03.

■ It is not necessary to consider plaintiff's argument that the regulation is invalid because plaintiff does not come within the terms of ORS 317.360(1).

Finally, plaintiff contends that while the opinion and order of the tax commission states that two Oregon corporations might be allowed to file consolidated returns under certain circumstances, it does not set forth the circumstances wherein the commission might permit such filing.

■ The plaintiff overlooks the fact that this case was presented to the commission and this court on a request for a declaratory ruling. The tax commission was not required in its declaratory ruling to state under what other circumstances it would allow the filing of consolidated returns by two Oregon corporations. ORS 305.105, allowing the commission to issue declaratory rulings in certain instances states that such declaratory ruling "shall bind the commission and all parties to the proceedings on the state of facts alleged." It is a fundamental rule of declaratory judgment suits that the ruling should be confined to the facts alleged. *Oregon Farm Bureau v. Commission,* 2 OTR 440 (1966); Borchard, *Declaratory Judgments,* 40 (2d ed 1941). The only question the commission was required to answer was whether UTICO and Union Title should be allowed to file consolidated returns for the reasons advanced by the plaintiff.

As ORS 317.360(1) does not allow the plaintiff and Union Title to file consolidated returns the order of the tax commission is affirmed.