OREGON MOTOR CLUB AND MINT INVEST-
MENT CORP. *v.* DEPARTMENT OF
REVENUE

Jack C. Nulsen, Jr., Newberg, filed a brief for the plaintiffs.

G. F. Bartz, Assistant Attorney General, Department of Revenue, Salem, filed a brief for defendant.

Decision for defendant rendered April 30, 1970.

EDWARD H. HOWELL, Judge.

Plaintiffs appeal from the defendant's assessment of additional corporation excise taxes for the tax years 1966, 1967 and 1968.

The facts have been stipulated. Plaintiff Mint Investment Corporation was incorporated in 1965 for the purpose of acquiring all the outstanding stock of plaintiff Oregon Motor Club and does not own any other assets or conduct any other business. The plaintiff Oregon Motor Club is a licensed motor club subject to the provisions of ORS 751.005 through ORS 751.145. The combined assets of both plaintiff corporations are insufficient to meet the minimum surplus requirements

of ORS ch 733 of the Insurance Code, and a merger of the two corporations is not permissible.

The plaintiffs filed consolidated excise tax returns for 1966, 1967 and 1968 in order to offset Mint Investment Corporation interest expense against Oregon Motor Club income. The department refused to allow the filing of consolidated returns and assessed a deficiency against Oregon Motor Club.

This case is controlled by the decision of this court in *Utico Corp. v. Commission*, 3 OTR 457 (1969). There Union Title, a title insurance company, was prevented by statute from owning real property. Utico Corporation, established as a wholly-owned subsidiary of Union Title, acquired certain real property and rented it to Union Title Company. The parties attempted to file consolidated returns in order to offset Utico losses against Union Title gains.

■ This court sustained the action of the Department of Revenue in refusing to allow two domestic corporations whose income was all attributable to Oregon and not subject to apportionment to file consolidated excise tax returns. ORS 317.360(1) allowing the Department of Revenue to "permit or require" the filing of consolidated returns was fully discussed in that decision and need not be repeated here.

The order of the Department is affirmed.