Argued and submitted September 4, reversed October 1, reconsideration denied December 3, 1985

DINSDALE,
*Respondent on Review,*

*v.*

YOUNG et al,
*Petitioners on Review.*

(CA A32510; SC S31805)

706 P2d 944

Philip Schradle, Assistant Attorney General, Salem, argued the cause for petitioners on review. With him on the petition were Dave Frohnmayer, Attorney General, James E.

Mountain, Jr., Solicitor General, and Michael D. Reynolds, Assistant Attorney General, Salem.

Robert L. Nash, Bend, argued the cause for respondent on review.

LINDE, J.

**LINDE, J.**

The Ground Water Act of 1955, ORS 537.505 to 537.795, requires a permit from the Water Resources Director before one may appropriate underground water for large-scale uses such as irrigation. The statute contains provisions under which the director may close an area to further appropriations of ground water or take other protective steps if, after conducting a proceeding for the determination of a "critical ground water area," the director makes certain findings concerning the quantity or quality of the ground water supply or interference among competing users. ORS 537.730 to 537.735.

Petitioner Dinsdale, who farms land in the Fort Rock basin, had two applications for ground water permits pending when the director, on March 26, 1984, initiated a proceeding for determination whether the basin was a critical ground water area. The director's "proclamation" announcing the proceeding stated that no application for a permit to appropriate ground water from the basin's main ground water reservoir would be approved or denied until completion of the proceeding. The present case arises from efforts by petitioner and others to challenge the legality of this moratorium. A petition for a writ of mandamus to compel the director to "complete the issuance of plaintiffs' water permit applications" was dismissed by the circuit court, and the dismissal was affirmed by the Court of Appeals. *Dinsdale v. Young,* 72 Or App 778, 697 P2d 200 (1985). On July 6, 1984, petitioner filed in the Court of Appeals a petition for judicial review of the director's proclamation. The petition asserted that the proclamation was invalid for lack of statutory authority to impose the moratorium, for failure to follow rulemaking procedure, and for lack of a factual basis for initiating the critical ground water area proceeding.

The parties and the Court of Appeals were troubled by the question whether the court had jurisdiction over this petition. Petitioner's brief stated that a "proclamation" is not an "order" or "rule" as defined in the Administrative Procedure Act, ORS 183.310(5) or (8), or otherwise defined or recognized in that act or in ORS chapter 537. The director's response maintained that because the proclamation was not an order in a contested case, reviewable by the Court of

Appeals under ORS 183.482, or a rule, reviewable by virtue of ORS 183.500, the court lacked subject matter jurisdiction.[1]

The use of a "proclamation" was derived from a rule promulgated by the director, OAR 690-10-050, which so far as relevant here provides:

"(1) A proceeding for the determination of a critical ground water area shall be initiated by a Proclamation of the Water Resources Director.

"(2) The Proclamation shall include:

"(a) A description of the proposed exterior boundaries of the critical ground water area, referenced to the U. S. Public Lands Survey.

"(b) Citation to the specific statutory provision or provisions under which the proceeding is brought.

"(c) The preliminary findings indicating why the area described may be a critical ground water area.

"(d) A general description of the nature of the ground water reservoir which is the subject of the determination.

"(e) A statement that no application for a permit to appropriate water from the ground water reservoir in question will be approved or denied prior to completion of the proceeding for determination of a critical ground water area.

"(f) The effective date of the proclamation."

Petitioner's brief asserted that the rule was invalid for failure to follow rulemaking procedure required by ORS 183.335 and that in any event the rule could not create authority to proclaim a moratorium on pending applications whenever the director commences a critical ground water area proceeding. Petitioner also challenged the proclamation itself for failure to follow rulemaking procedure. He therefore contended that the

---

[1] The questions facing petitioner in choosing the proper court and the proper remedy in this case is another instance of the kind of problem that could be avoided by a single, comprehensive statute for judicial review of governmental actions. *See* Safriet, *Judicial Review of Governmental Action: Procedural Quandaries and a Plea for Legislative Reform*, 15 Envtl L Rev 217 (1985). A bill proposed by the Joint Interim Committee on Judiciary would have eliminated the risk of a fatally wrong choice and the need for refiling by providing that a petition for review could request mandatory as well as other kinds of relief, and that a petition filed in the wrong court would not be dismissed, as Dinsdale's petition for mandamus was, but would be transferred to the proper tribunal. *See* House Bill 2256 (1985) §§3(3), 5(3), 6(2) (transfer between tribunals), §20(1) (appropriate relief).

director "erred in failing to process and issue groundwater appropriation permits" upon petitioner's applications.

The Court of Appeals held that the proclamation itself was neither a final order in a contested case nor a rule and therefore was not directly within the court's jurisdiction.[2] However, the court concluded that by appending a copy of OAR 690-10-050 as the supposed authority for the challenged moratorium, petitioner "succeeded—although not by a comfortable margin—in invoking our jurisdiction, but only to consider the validity of OAR 690-10-050(2)(e)." *Dinsdale v. Young,* 72 Or App 642, 645, 697 P2d 196 (1985). The court then held that the rule exceeded the director's statutory authority insofar as it provided for delaying pending applications during a critical ground water area proceeding. We allowed review.

■      We agree with the Court of Appeals that the petition sufficed to invoke its jurisdiction to review OAR 690-10-050. It is not obvious on the face of that rule that the director's decision on pending applications is derived from OAR 690-10-050(2)(e). Literally, the subsection does not purport to create a policy of delaying such decisions; it only says that a proclamation initiating a proceeding for determination of a critical ground water area shall inform people of that effect. The director, however, treats the rule as the source of the policy. His brief states that the moratorium on pending permit applications is required "not by the proclamation, but by OAR 690-10-050," and he defends the validity of the rule.

■      The obstacle to review is not the jurisdiction of the Court of Appeals but its scope of review. Review of the director's rules does not depend only on the Administrative Procedure Act. Neither the director nor the Court of Appeals referred to petitioner's citation of ORS 537.790, the judicial review section of the Ground Water Act. That section provides:

"Any person who deems himself aggrieved by any order,

---

[2] The petition did not assert and the Court of Appeals did not consider the possibility that the proclamation might be a non-final order made "without probable cause" and causing "substantial and irreparable harm if interlocutory relief is not granted." ORS 183.480. If a reviewable order is invalid, the fact that a rule announcing the agency's policy cannot be attacked in a direct proceeding for judicial review of the rule would not save the order.

rule or regulation of the Water Resources Director under ORS 537.505 to 537.795 may appeal from the same to the Court of Appeals as provided in ORS 183.480 for the review of orders in contested cases. No order of the director shall be disturbed when there is substantial evidence to support it. No rule or regulation of the director shall be disturbed unless it is affirmatively made to appear that the same substantially and unjustly discriminates against the complainant to his prejudice and in favor of others similarly situated."

It clearly gives the Court of Appeals jurisdiction to review OAR 690-10-050. But the last sentence of ORS 537.790 requires more than an assertion that a rule adversely affects an applicant or other complainant. It requires an affirmative showing that the rule "substantially and unjustly discriminates against the complainant to his prejudice and in favor of others similarly situated." Petitioner has not claimed or shown that OAR 690-10-050 discriminates against him in favor of others similarly situated.

We do not know why ORS 537.790 so limits the court's review of the director's rules under the Ground Water Act, but the limitation was deliberate. It was enacted as part of the original act in 1955. Or Laws 1955, ch 708, § 34. The first two sentences are almost identical to the judicial review section of the water law revisions enacted at the same time, Oregon Laws 1955, chapter 707, section 76, and now codified as ORS 536.560,[3] but the final sentences appear only in the Ground Water Act. Nor can we regard ORS 537.790 as a remnant of pre-APA judicial review that has been implicitly repealed or superseded by the Administrative Procedure Act. When ORS 537.790 was amended in 1973 to shift appellate jurisdiction from circuit courts to the Court of Appeals, the legislature retained the requirement that a challenge to a rule under the Ground Water Act must show discrimination against the complainant and in favor of others similarly situated. Or Laws 1973, ch 612, § 15.

---

[3] ORS 536.560:

"Any person, public corporation or state agency aggrieved by any order, rule or regulation of the Water Policy Review Board under chapter 707, Oregon Laws 1955, may appeal from the same to the circuit court of the county in which the property affected by such order, rule or regulation or any part of such property is situated. The appeal may be carried from the circuit court to the Court of Appeals. The appeal shall be governed by the practice in an action not triable by right to a jury."

If OAR 690-10-050(2)(e) discriminates between similarly situated applicants for ground water appropriation permits, that is not apparent from its text. The director says that the moratorium serves the statutory policy of according applications priority in the order of their dates of filing rather than rejecting them because of doubts about adequate water supplies or interference with existing water rights and requiring new filings. *See* ORS 537.525(2), (3), (7) and (8), 537.620, ORS 537.622, 537.625(3). If petitioner believes that the rule discriminates against him and in favor of others similarly situated, he has not attempted to argue or "affirmatively made [it] appear" in this appeal, as ORS 537.790 requires. The Court of Appeals therefore should not have reached other contentions against OAR 690-10-050, and its opinion on the validity of the rule should not be deemed authoritative.

For the reasons stated in this opinion, the decision of the Court of Appeals is reversed.