Argued and submitted October 2, vacated and remanded October 22, 1985

**LOWTHIAN,**
*Appellant,*

*v.*

**DEPARTMENT OF REVENUE,**
*Respondent.*

(OTC 2204; SC S31569)

707 P2d 1236

Carl N. Byers, Judge pro tem.

Philip Lowthian, Portland, argued the cause and filed the brief *pro se.*

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

PER CURIAM

## PER CURIAM

Taxpayer appeals from a decision of the Oregon Tax Court rejecting his objections to the property tax statement rendered to him by the tax collector for Multnomah County pursuant to ORS 311.250.

ORS 311.250(2) requires a tax statement to include information as to the identification and assessed value of the real property taxes, the tax rate, the amount of tax due, and some other administrative information, in addition to other optional items of information "deemed essential by the tax collector."[1] In the tax statement rendered to taxpayer, the tax collector listed the tax rate and resulting tax amount levied by eight taxing entities, among which the largest were the levies of the City of Portland, the Portland School Districts and Multnomah County, and the smallest were the Port of Portland and the Metropolitan Service District. In a "Petition and Notice of Appeal" filed with the Director of the Department of Revenue, taxpayer challenged the form of the tax statement. His objection is that the tax statement does not inform property taxpayers about the significant proportion of property taxes that are channeled through the named taxing

---

[1] ORS 311.250(2) states:

"In addition to other items deemed essential by the tax collector, the tax statement shall contain:

"(a) The name and last-known address of the person shown on the latest tax roll as the owner, or as corrected by the assessor or pursuant to ORS 311.555, or as otherwise ascertained by the tax collector;

"(b) In the case of real property, a description which meets the requirements of ORS 308.240(1);

"(c) The total amount of current taxes due on the described property;

"(d) The amount of the discount provided by ORS 311.505 for full payment of taxes on or before November 15;

"(e) The net amount of taxes for full payment on or before November 15;

"(f) The years for which taxes are delinquent and the amount of taxes delinquent for each year;

"(g) The total assessed value of the property;

"(h) The total rate of levy on the property expressed in dollars and cents per thousand dollars of assessed value;

"(i) The fiscal year for which the taxes have been levied; and

"(j) The place where payments of taxes are to be made."

entities to urban renewal agencies by the device of tax increment financing, a total sum which exceeds the taxes actually spent by four of the eight identified taxing entities.[2]

The Director of the Department of Revenue rejected taxpayer's "Petition and Notice of Appeal" on the grounds that ORS 311.250(2) left the choice whether to include information about the use of some of the taxes levied by the several taxing entities to finance urban renewal to the discretion of the tax collector. Taxpayer appealed the director's order to the tax court, maintaining that without the information concerning urban renewal costs, the tax statement is misleading and therefore is an abuse of the tax collector's discretion. The tax court affirmed the director's order. *Lowthian v. Department of Revenue,* No. 2204, slip opinion (Feb. 11, 1985).

The procedure chosen by taxpayer, the "Petition and Notice of Appeal" from a tax statement, did not properly bring taxpayer's objection before the Director of the Department of Revenue, and the director and the tax court erred in ruling on those objections.

ORS 305.275 allows an appeal to the Director of the Department of Revenue by "(1) Any person aggrieved by an act or omission of * * * (d) A tax collector, which affects his property and for which there is no other statutory right of appeal." Taxpayer's complaint in the tax court contained no allegations claiming or showing that the tax collector's omission of the desired information from the tax statement affected taxpayer's property. We have seen no mention of such an effect on his property, regardless whether "property" refers to the money that he pays in taxes or his real property, and whether his real property is within or outside an urban renewal district. The tax increment financing scheme, of course, may affect his and other taxpayers' property, but he does not attack that scheme. He attacks only the tax collector's refusal to disclose the urban renewal funds on the tax

---

[2] Briefly summarized, the tax increment financing device consists of (1) certifying the value of real property in the urban renewal project area, (2) using that value in computing the total assessed value and therefore the tax rates for all real property taxing authorities, (3) levying these rates of taxation against the true cash value of all property, including any increases above the certified values of urban renewal property, and (4) distributing the resulting taxes beyond the budgeting needs of the taxing authorities to the urban renewal agencies, which have no direct taxing authority of their own. *See* ORS 457.440.

statement. In oral argument taxpayer conceded that the refusal has no effect on his property. Whether or not that refusal may constitute an abuse of the tax collector's discretion under ORS 311.250(2) to decide what is "essential" information, without an effect on the aggrieved person's property the refusal is not reviewable by an appeal to the director under ORS 305.275.

Possibly taxpayer might have invoked another remedy within the tax court's power as a circuit court, ORS 305.405; but we cannot reconstruct his complaint on appeal to be anything other than what it claims to be, an appeal from the adverse order of the Director of the Department of Revenue. The second paragraph of the complaint states that "Plaintiff is aggrieved by the Department of Revenue's order of September 12, 1984 in its case number VL84-2666, a copy of which is attached hereto."[3] The department, not the Multnomah County tax collector, was named as defendant. We lack a statutory basis to treat petitions for judicial review of governmental actions as what they should be rather than what they set out to be. Cf. *Dinsdale v. Young,* 300 Or 78, 706 P2d 944 (1985).

Because the director erroneously believed that he had jurisdiction to decide the merits of taxpayer's appeal of the tax statement as such, we vacate the decision of the tax court and remand the proceeding to the Director of the Department of Revenue with instructions to dismiss the "Petition and Notice of Appeal."

---

[3] As already noted, ORS 305.275 makes the director the responsible agency, not "the department."