IN THE OREGON TAX COURT

Edward R. CHADWICK

*v.*

Linda ALEXANDER,
Multnomah County Tax Collector;
Department of Revenue;
Portland Development Commission

(TC 2873)

Gregory J. Howe, Pfister, Tripp & Mendez, Portland, represented plaintiff.

Oliver I. Norville, Norville & Hiefield, Portland, represented defendant Portland Development Commission.

Paul G. Mackey, Assistant Multnomah County Counsel, Portland, represented defendant Linda Alexander.

Ted E. Barbera, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant Department of Revenue.

Order dismissing plaintiff's complaint entered September 27, 1989.

**CARL N. BYERS, Judge.**

Plaintiff filed an action seeking declaratory relief under Oregon Revised Statutes (ORS) chapter 28. Defendant Department of Revenue ("the department") moved to dismiss by reason of plaintiff's failure to exhaust administrative remedies. Defendants Alexander and Portland Development Commission also filed a motion to dismiss on the grounds that plaintiff's complaint fails to state a claim. The court heard oral arguments of the parties on September 14, 1989.

The core of plaintiff's claim is that his property tax statement is false and misleading. Plaintiff's property is located in an urban renewal area in Portland. Under urban renewal laws, part of the property taxes levied are used to meet the expenses of renewal projects. Plaintiff's contention is that his property tax statement shows taxes levied by various taxing districts but does not show the amount of taxes going to urban renewal. Plaintiff argues that a property owner voting on local budgets may believe the amount shown on the tax statement as levied goes to the levying bodies. Unless the amount going to urban renewal is shown on the tax statement, the taxpayer may not be aware of those taxes. Plaintiff seeks to have the tax statement declared misleading and to require defendants to provide accurate and correct tax statements.

Plaintiff filed his action in this court without first seeking relief from the department. The department's motion to dismiss is based on ORS 305.275(4) which provides:

"Except as provided in ORS 118.350 and 305.410, no person shall appeal to the Oregon Tax Court or other court on *any matter* arising under the revenue and tax laws administered by the department unless the person first exhausts the

administrative remedies provided before the department and the director." (Emphasis added.)

Plaintiff maintains that he does not have to comply with the above-quoted statute because he is not appealing under ORS 305.275. In order for a person to appeal under that statute, the person must be "aggrieved" by an act or omission which "affects" his property. *Lowthian v. Dept. of Rev.*, 300 Or 163, 707 P2d 1236 (1985). Plaintiff readily concedes that his property is not affected by a misleading tax statement. Accordingly, plaintiff expressly avoided appealing to the department under ORS 305.275. Instead, plaintiff seeks relief directly from the court under the declaratory judgments provisions of ORS chapter 28. That chapter imposes no statutory requirement of exhausting administrative remedies.

The question of whether a taxpayer must exhaust administrative remedies before seeking a declaratory judgment in this court was first asked but not answered in *Michaels v. Commission,* 2 OTR 445 (1966). In that case, this court stated:

"Whether this court has original declaratory judgment jurisdiction in tax cases where ORS 305.105 is not applicable, where the constitutionality of a statute is involved, or where the tax commission is charged with acting outside its statutory authority will have to wait a case presenting those issues." *Id.,* at 447.

More than 20 years later, the answer came in *Northwest Medical Laboratories v. Department of Revenue, et al.,* No. 2606, order (May 6, 1988). The court held that a plaintiff seeking declaratory relief under ORS chapter 28 must first exhaust his administrative remedies.[1] That decision necessarily finds that the requirement of exhaustion set forth in subsection (4) of ORS 305.275 is broader than the appeal provisions of 305.275. As stated in the *Northwest Medical Laboratories* order:

"Reviewing the administrative statutes, it appears that the legislature intended to give the Department of Revenue the first opportunity to rule on any 'questions of law and fact arising under the tax laws of this state.' For example, ORS

---

[1] *NW Medical Lab. v. Good Samaritan Hospital,* 309 Or 262, 786 P2d 718 (1990) *(reversed on other grounds).*

305.105 authorizes the department to issue declaratory rulings with regard to the construction, interpretation or application of any of its rules or regulations. Likewise, ORS 305.110 imposes upon the department the duty to construe the tax and revenue laws whenever requested by any interested person. Finally, under ORS 306.115, the department is delegated general supervisory authority over property tax laws and is empowered to 'do any act or give any order' that the department 'deems necessary in the administration of property tax laws so that all properties are taxed or are exempted from taxation according to the statutes and Constitutions of the State of Oregon and of the United States.' "

It is worth noting that the 1989 Legislature broadened the department's authority in this area by amending ORS 305.105. The statute, as amended, authorizes the department "in its discretion" to issue a declaratory ruling as to any rule or "statute enforceable" by it. This amendment becomes effective October 3, 1989. Or Laws 1989, ch 414, § 2.

In summary, if a taxpayer is seeking an interpretation of a tax statute or rule, as plaintiff is here, he must first request an interpretation from the department. If the department refuses, or gives an interpretation contrary to what the taxpayer believes to be correct, the taxpayer can then appeal to this court. The taxpayer may not, as plaintiff has here, simply assume that the department's interpretation would be inconsistent with the taxpayer's. Now, therefore,

IT IS ORDERED that plaintiff's complaint be, and hereby is, dismissed.